(97 App. Div. 23.)

GUTTING v. BRENNAN.

(Supreme Court. Appellate Division, Second Department. July 28, 1904.)

1. TENEMENT HOUSE ACT—CONSTRUCTION—"COURT."

Tenement House Act, Laws 1901, p. 889, c. 334, § 2. provides that "a court is an open unoccupied space, other than a yard, on the same lot with a tenement house"; that "a court not extending to the street or yard is an inner court. A court extending to the street or yard is an outer court. If it extends to the street it is a street court. If it extends to the yard it is a yard court." No mention, however, is made in the definition either of "yard" or "court" of a court extending from the street to the yard. Section 58, as amended by chapter 179, p. 408, Laws 1903, provides that, when one side of the outer court is situated on the lot line, the width of the court, measured from the lot line to the opposite wall of the building, for tenement houses 60 feet in height, shall not be less than 6 feet in any part, and for every 12 feet of increase, or fraction thereof, in height of the building, such width shall be increased 6 inches throughout the entire height of the court, and that wherever the outer court exceeds 65 feet in length, "and does not extend from the street to the yard," the entire court shall be increased, etc., except that in tenement houses not exceeding four stories and cellar, and not occupied by more than eight families in all, in which each apartment extends through from the street to the yard, the width of an outer court situated on the lot line shall not be less than 4 feet in any part, "provided that the length of such outer court does not exceed thirty-six feet." Relator contemplated erecting four three-story and cellar tenement houses, each to be occupied by three families, one on each floor; the buildings to be each 55 feet in depth, with an open space or passageway 4 feet wide, extending the entire depth of the building. Held, that courts extending from the street to the yard were excepted from such section, and hence such way extending from street to yard, whether regarded as a mere passage, and hence not within the section, or as two courts, each an outer court—one leading to the street, and the other to the yard—was not within the prohibition of the section.

Appeal from Special Term, Kings County.

Application of Gus Gutting for a peremptory writ of mandamus against William Brennan, deputy commissioner of the tenement house department of the city of New York, to compel respondent to approve an amendment of plans for the erection of a building, and to issue a permit therefor. From an order in favor of applicant, respondent appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

James D. Bell, for appellant.
William F. Hagarty, for respondent.

HIRSCHBERG, P. J.   The order herein grants a peremptory mandamus commanding the appellant, as deputy commissioner of the tenement house department of the borough of Brooklyn, in the city of New York, to approve an amendment of plans for the erection of certain brick buildings on the southwest corner of Saratoga avenue and Hancock street, in that borough, and to issue a permit for the erection of the buildings pursuant to the plans as so amended.   The original plans were filed on February 16, 1904, and they provided for the erection of four three-story and cellar tenement houses, each to be occupied by three families, one on each floor.   Each of the houses was to be erected on a lot fronting on Hancock street, 20 feet front and rear, by 100 feet deep.   The buildings were to be each 55 feet in depth, and, on the westerly or Saratoga avenue side of the fourth house from the corner, provision was made for an open space or passageway 4 feet in width, extending the entire depth of the building, viz., 55 feet.   The walls of the buildings forming the sides of this passageway were to be 36 feet in height, and the passageway was referred to in the plans, in express terms, as a court.

The appellant herein, the deputy commissioner, refused to issue a permit for the erection of the buildings on the ground that the passageway referred to constituted a single and continuous court, and that the construction of a court 55 feet in length and only 4 feet wide on the lot line of a building 36 feet high was in violation of section 58 of the tenement house act (chapter 334, p. 902, of the Laws of 1901), as amended by chapter 179, p. 408, of the Laws of 1903.   Thereupon the applicant, the respondent herein, changed the plans by providing for the construction of a five-foot closet in the center of the proposed court or passageway, thereby dividing it into two courts, each only 25 feet in length; both being outer courts, within the terms of the law; the front one a street court, and the rear one a yard court.   A permit for the erection of the houses in accordance with the plans as thus modified was issued by the appellant on February 24th.   On March 2d the respondent filed an amended application or proposal, with the following words:

"Propose to omit the two brick walls forming closet in the 4-foot passage on the west side of building for a direct passage from the street to the yard. No other alterations whatever."

The amendment proposed—being a mere return to the original rejected plan by taking out the closet and restoring the court or passageway to a depth of 55 feet, open and unobstructed—was disapproved of by the appellant; but the order appealed from compels him to approve it, and to issue a building permit in accordance with such approval.

If the passageway in question, which extends from the street to the yard of the respondent's premises, is to be regarded as a single court, within the provisions of the tenement house act, supra, there can be little doubt that the amendment contemplates a violation of the law.   By the terms of section 58 of that act, a court as narrow as 4 feet is prohibited in a building 36 feet high, if the length of the court exceeds the height of the building.   The minimum width allowed for a court of the depth or length proposed by the respondent is 5 feet.   But I am inclined to the view that the word "court," as used in the statute, refers

to open unoccupied spaces which are wholly or partially inclosed at the end, rather than to spaces which are open to free access from both the street and yard of the premises, and which, if regarded as courts, within the meaning of the law, are to be considered as in reality two or double courts.

The legislative definitions of the terms used in the act are contained in section 2. Subdivision 2 of that section (page 889) provides that "a yard is an open unoccupied space on the same lot with a tenement house, between the extreme rear line of the house and the rear line of the lot." Subdivision 3 provides that "a court is an open unoccupied space, other than a yard, on the same lot with. a tenement house. A court not extending to the street or yard is an inner court. A court extending to the street or yard is an outer court. If it extends to the street it is a street court. If it extends to the yard it is a yard court." It is to be observed that no mention is made in these definitions of a court extending from the street to the yard, and therefore, upon the face of the enactment, it may well be doubted whether an open passageway extending from the street to the yard should be regarded as within the restrictions imposed upon the width of courts, notwithstanding it would be, in strictness, "an open unoccupied space other than a yard."

But it is claimed that a reference in section 58, as amended in 1903, to courts which do not extend from street to yard, indicates that a court, within the purview of the statute, may so extend. I think the reference was made not for the purpose suggested, but rather to indicate that the provisions of law requiring extra width do not apply where free access is permitted to both the street and the yard. The section referred to is as follows:

"Where one side of an outer court is situated on the lot line, the width of the said court, measured from the lot line to the opposite'wall of the building, for tenement houses sixty feet in height shall not be less than six feet in any part; and for every twelve feet of increase or fraction thereof in height of the said building, such width shall be increased six inches throughout the entire height of said court; and for every twelve feet of decrease in the height of said building below sixty feet, such width may be decreased six inches. Wherever an outer court exceeds sixty-five feet in length and does not extend from the street to the yard, the entire court shall be increased in width one foot for every additional thirty feet or fraction thereof in excess of sixty-five feet. Except that in tenement houses hereafter erected not exceeding four stories and cellar in height and which also are not occupied or arranged to be occupied by more than eight families in all, or by more than two families on any floor, and in which also each apartment extends through from the street to the yard, the width of an outer court situated on the lot line shall not be less than four feet in any part provided that the length of such outer court does not exceed thirty-six feet."

It is quite apparent that the allusion in this section as amended to courts which do not extend from the street to the yard, and which allusion does not appear in the section as originally enacted, was inserted solely to provide that the additional width required in a court, dependent upon length, where the length exceeds 65 feet, need not exist in the case of a court open at each end. It is indicative of a purpose to except such a court, if it be a court, from the requirements of a width in construction which is deemed necessary for safety where

egress can only be had to the street or to the yard. It still permits the adoption of the view that the court in this case, if not a mere passageway, and as such not subject to the restrictions of the statute, is to be regarded as in fact two courts, each an outer court, one a street court and the other a yard court, and, each being only 27 feet and 6 inches in length, not offending in any degree against the prohibition of the law.

It may be added that any other construction would lead to an absurdity. The manifest purpose of the law is to secure the safety of the occupants of tenement houses, and no construction of its provisions should be adopted which would tend necessarily to increase their peril. That the passageway proposed, if left open to unobstructed access from both street and yard, would be safer than it would be if blocked up by brick walls in the middle, cannot well be questioned. A strict construction must yield to one which is in consonance with the beneficial object of the legislation under consideration, and the latter clearly enjoins an affirmance of the order.

Order affirmed, with $10 costs and disbursements. All concur.